UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT HARRISON,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Warden,[1]<br><br>    Respondent. | Case No. 23-cv-01450-AMO (PR)<br><br>**ORDER TO SHOW CAUSE; DENYING PETITIONER'S REQUESTS FOR STAY OF PROCEEDINGS AND FOR APPOINTMENT OF COUNSEL; AND SETTING BRIEFING SCHEDULE** |

Petitioner David Scott Harrison, an inmate currently incarcerated at San Quentin State Prison (SQSP), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a September 30, 2021 disciplinary hearing at SQSP. He has paid the full filing fee.

Petitioner also filed requests for a stay, discovery, an evidentiary hearing, and appointment of counsel. Dkt. 6 at 3. Petitioner has also asked for a copy of all orders issued in this action. *See id.* However, to date, no written orders have been issued. Thus, the Court DENIES such a request and instead directs the Clerk of the Court to send Petitioner a copy of the docket sheet. The Court shall address all other pending requests below.

**I.    PETITIONER'S PENDING REQUESTS**

    **A.    Request for Stay**

Petitioner has filed a request for a stay in the proceedings until Respondent "lifts the mass searching lockdown or, in the alternative, provide[s] Petitioner an additional 45 days to file his Case Management Statement, plus ample time to satisfy any other deadlines of which Petitioner is

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Ron Broomfield as Respondent because he is Petitioner's current custodian.

yet to be informed of . . . ." Dkt. 6 at 3. The request for a stay of proceedings is DENIED because Petitioner has not shown a sufficient reason for this Court to interfere in the day-to-day operations of the prison. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution). Also, Petitioner need not file a Case Management Statement as this is a new case and no such statement is necessary at this time. Thus, the Court DENIES as unnecessary Petitioner's motion for an extension of time to file a Case Management Statement. Dkt. 6. And finally, as for Petitioner's request for future extensions of time, such a request is DENIED as premature. Dkt. 6.

### B.    Request for Appointment of Counsel

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

Courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965). Under the foregoing standard, the Court finds that appointment of counsel is not warranted. Thus, Petitioner's request for appointment of counsel is DENIED. Dkt. 6.

### C. Requests for Discovery and for an Evidentiary Hearing

As for Petitioner's requests for discovery and for an evidentiary hearing "as requested in the habeas petition," Respondent shall file a response to these requests no later than **twenty-eight (28) days** after the issuance of this Order. *See* Dkt. 6 at 3; *see also* Dkt. 1 at 14. Petitioner shall file his reply no later than **fourteen (14) days** after Respondent's response is filed.

## II. ORDER TO SHOW CAUSE

It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this order upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

4. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of

receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6. As directed above, Respondent shall file a response to Petitioner's requests for discovery and for an evidentiary hearing no later than **twenty-eight (28) days** after the issuance of this Order. Petitioner shall file his reply no later than **fourteen (14) days** after Respondent's response is filed.

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Ron Broomfield, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

9. The Clerk is directed to send Petitioner a copy of the docket sheet.

**IT IS SO ORDERED.**

Dated: June 6, 2023

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge