UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT HARRISON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON BROOMFIELD, Warden,<br><br>　　　　　Respondent. | Case No. 23-cv-01450-AMO (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner David Scott Harrison, a state prisoner currently incarcerated at San Quentin State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of disciplinary proceedings against him. The Court issued an order to show cause on June 6, 2023.

Before the Court is Respondent's motion to dismiss the instant petition on the grounds that that the claim does not state a cognizable basis for federal habeas relief. Dkt. 11. Specifically, Respondent argues that habeas corpus is not the proper remedy for Harrison's claim because he has not shown that success in this action will necessarily accelerate his release from prison. *See id.* Harrison has filed an opposition to the motion. Dkt. 12.[1]

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition.

**BACKGROUND**

In 1990, Harrison was sentenced to an indeterminate sentence of twenty-six years to life with the possibility of parole for first degree murder. Dkt. 11 at 7-8. His minimum eligible parole

---

[1] Harrison has also filed a document entitled, "Reply to Respondent's Opposition to Petitioner's Request for Discovery and Evidentiary Hearing," in which he "withdraws his request for discovery and an evidentiary hearing." Dkt. 13 at 2,  Thus, the Court need not address Harrison's aforementioned request since it has been withdrawn.

1  date ("MEPD") was in 2017. *Id.* at 10. In this petition, Harrison challenges a prison disciplinary

2  hearing in 2021, which resulted in a guilty finding for possessing a component of a wireless

3  device. Dkt. 1 at 7, 30-39. Harrison was assessed thirty days of credit loss. *Id.* at 37.

4  Harrison filed the instant federal habeas petition on March 29, 2023. Dkt. 1. Harrison

5  contends that his due process rights were violated during the disciplinary hearing because: he was

6  convicted for conduct not intended by the Rules Violation Report; he was denied the right to

7  present evidence in mitigation; he had no notice that his conduct was prohibited; and the hearing

8  officer was not impartial. *Id.*

## DISCUSSION

Respondent argues that the petition must be dismissed as Harrison's due process claim does not properly invoke federal habeas corpus jurisdiction. Dkt. 11 at 2-3. Respondent asserts that Harrison's claim does not establish habeas jurisdiction because he cannot show that a successful challenge "will necessarily result in a grant of parole or shorten his incarceration." *Id.* at 3 (citing *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (holding federal habeas relief is only available for claims, that if successful, will "necessarily lead to [the inmate's] immediate or earlier release from confinement")). In opposition, Harrison argues that habeas jurisdiction is proper because the disciplinary finding could add to the length of his confinement, and "[r]eversing [his] constitutionally violative prison disciplinary finding of guilt would admittedly result in advancing [his] immediate or speedier release from prison . . . ." Dkt. 12 at 4. Specifically, Harrison argues such information could affect his chances at advancing his review for parole suitability, and it could also affect whether he is found suitable for parole, stating as follows:

> Were it not for the finding of guilt, Petitioner would certainly have long since filed a Petition to Advance Hearing Date (Bureau of Parole Hearings Form 1045-A) for the express purpose of advancing review of Petitioner for parole suitability. The finding of guilt, however, rendered 1045 relief impossible; decelerating/eliminating [his] progress towards review by the parole authority (and his inevitable grant of parole). Conversely, sans the finding of guilt, Petitioner assuredly would have already been granted suitability review, parole – immediate or speedier release from prison.

*Id.* at 3.

2

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, *as amended*, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. *See id.*

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 525, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)[2]). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Id.* In fact, a section 1983 action is the exclusive remedy for claims by state prisoners that do not lie at the "'core of habeas corpus.'" *Nettles*, 830 F.3d at 931 (quoting *Preiser*, 411 U.S. at 487). The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. *See Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979); *Fierro v. Gomez*, 77 F.3d 301, 304 n.2 (9th Cir.), *vacated on other grounds*, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful

---

[2] In *Wilkinson v. Dotson*, the Supreme Court held that prisoners' parole claims seeking a new parole hearing were cognizable under section 1983 because the relief sought would not necessarily "invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." 544 U.S. 74, 79-82 (2005) (finding that where an inmate challenges the constitutional validity of the state parole eligibility, but seeks injunctive relief in the form of an earlier eligibility review or parole hearing rather than earlier release, the claim is cognizable under section 1983); *see also Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997) (finding that if prisoner wins and is entitled to parole eligibility hearing, this does not guarantee parole or necessarily shorten his prison sentence).

3

1    challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v.*
2    *Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

3          Here, Respondent argues that a successful challenge to the disciplinary finding would not
4    affect the fact or length of Harrison's incarceration. The Court agrees that habeas is not the proper
5    avenue of relief for Harrison's claim. Harrison is serving an indeterminate life sentence, and his
6    MEPD has passed. In this situation, losing time credits would not push back Harrison's release
7    date or the date of his parole eligibility. If Harrison were serving a determinate sentence, his claim
8    would be cognizable in habeas because the loss of credits would have pushed back his release
9    date, and success on his claim would necessarily shorten his time in custody. Or, if Harrison had
10   not yet reached his MEPD, such a claim might be cognizable in habeas because loss of time
11   credits would push back the first date he would be eligible for parole and possibly obtain a release
12   date. Therefore, success on his claim would not "necessarily shorten" his sentence, *see id.*, and
13   habeas jurisdiction is absent.

14         As mentioned above, Harrison argues only that there is a *possibility* that such a challenge
15   may affect the length of his incarceration because he anticipates that it will lead to a denial of
16   parole. It seems that he is arguing that the disciplinary finding implicated the duration of his
17   custody because it prevents him seeking advanced review for parole suitability and may eventually
18   be used as a basis for denying him parole. Dkt. 12 at 3. However, in California, there is no state
19   law requiring that parole be denied because of a disciplinary violation. *See* Cal. Code Regs. tit.
20   15, § 2402(b)-(c). Misconduct in prison is one of *many* factors that determines parole suitability.
21   *Id.* The California Code of Regulations sets out the factors showing suitability or unsuitability for
22   parole that the parole authority is required to consider. *See* Cal. Code Regs. tit. 15, § 2402(b).
23   These include "[a]ll relevant, reliable information available," such as:

> the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish

> unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

*Id.* Harrison's claim that the 2021 disciplinary violation could have affected the length or duration of his confinement because it would have affected any chance for him to be paroled is conclusory and even speculative. Even if this Court were to vacate Harrison's disciplinary violation, he might still be denied parole on any of the other grounds listed above, and therefore success on his claim would not "necessarily shorten" his sentence. *See Ramirez*, 334 F.3d at 859.; *see also Sandin v. Conner*, 515 U.S. 472, 487 (1995) (finding that the possibility of a denial of parole on the basis of disciplinary findings is too speculative where there are a host of other factors that inform a parole determination). Moreover, at any future parole suitability hearing, Harrison should be provided an opportunity to be heard and, if he is denied parole, a statement of reasons for the denial. *See* Cal. Penal Code § 3041.5(a)(2). If Harrison receives adequate process at his future parole suitability hearings, then any alleged due process claim stemming from such a denial would not be cognizable on federal habeas review. *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (a prisoner subject to California's parole statute receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied).

Accordingly, Harrison's challenge is properly brought under section 1983, rather than in habeas. *Ramirez*, 334 F.3d at 859. Therefore, Respondent's motion to dismiss is **GRANTED**, and the petition is **DISMISSED** for lack of jurisdiction. This dismissal is without prejudice to bringing his due process claim in a civil rights action.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's motion to dismiss the petition. Dkt. 11. Harrison's due process claim is **DISMISSED** because it is not appropriate for federal habeas corpus review. This dismissal is without prejudice to bringing his due process claim in a section 1983 action using the Court's civil rights complaint form.

Further, a certificate of appealability is **DENIED**. Harrison has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Harrison may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

The Clerk shall also send Harrison a blank civil rights complaint form with his copy of this Order.

This Order terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated:  February 22, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**